# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**
               **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-425-Orl-18DAB**

**RONDA LEE CHRISTIANSEN,**
**SUNTRUST MORTGAGE, INC.,**
**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC, MIDLAND CREDIT**
**MANAGEMENT, INC.,**
               **Defendants.**
_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST MIDLAND CREDIT MANAGEMENT, INC. (Doc. No. 82)** |
| **FILED:** | **November 12, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **MOTION TO QUASH [MOTION FOR DEFAULT JUDGMENT AGAINST MIDLAND CREDIT MANAGEMENT, INC.] (Doc. No. 72 )** |
| **FILED:** | **November 4, 2009** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

The Government filed suit seeking to reduce to judgment federal income tax liabilities assessed against Defendant Christiansen for the years 1998 through 2001. The Government also seeks to foreclose federal tax liens and a judgment lien and for an order to sell real property owned by Christiansen, thus other potential lienholders are named as Defendants. Doc. No. 1.

The Government now moves for default judgment against one of the potential lienholder Defendants, Midland Credit Management, Inc., Successor to West Capital Financial Services Corporation ("Midland"). Doc. No. 82. Midland was named as a Defendant in this case pursuant to the provisions of the Internal Revenue Code, 26 U.S.C. § 7403(b), as a person that may have a lien upon or claim an interest in the real property at issue in the case by virtue of a default final judgment recorded in the public records of Orange County, Florida, on February 28, 2001; the judgment has been partially satisfied by virtue of a Satisfaction of Garnishment Judgment recorded in the public records of Orange County, Florida, on January 30, 2003. Doc. No. 82.

On May 1, 2009, the Government served the registered agent for Midland Credit Management, in accordance with Federal Rule of Civil Procedure 4(h), which allows service on a registered agent. Doc. No. 35. Midland failed to timely file an answer or otherwise defend in the action, and the Government obtained a default, which was entered by the Clerk on October 29, 2009. Doc. No. 61. Although Plaintiff filed a motion to "quash" the Clerk's entry of default (Doc. No. 72), which is in the nature of an opposition to the Motion for Default Judgment. Plaintiff's motion was directed to avoid a default being entered against her, not Midland, and is not responsive to the Motion for Default Judgment against Midland. The pragmatic effect of the entry of a default judgment against Midland is to preclude Midland from asserting a claim against the real property in interest at issue in the case;

it does not foreclose Defendant Ronda Lee Christiansen from asserting any defenses she may have against the claims against her.

It is respectfully **RECOMMENDED** that the Government's Motion for Default Judgment Against Midland Credit Management, Inc. (Doc. No. 82) be **GRANTED** and default judgment be entered against Midland Credit Management, Inc.

It is **ORDERED** that Plaintiff's Motion to Quash (Doc. No. 72) is **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Ronda Lee Christiansen